1   JOHN A. MOE, II (Bar No. 066893)
    john.moe@dentons.com
2   DENTONS US LLP
    601 South Figueroa Street, Suite 2500
3   Los Angeles, California 90017-5704
    Telephone:    (213) 623-9300
4   Facsimile:    (213) 623-9924

5   Attorneys for Debtor and Debtor In
    Possession, AVIC International USA Inc.

6

7

8                    UNITED STATES BANKRUPTCY COURT

9           CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

10

11  In re                                    Case No. 2:20-bk-19043-WB

12  AVIC INTERNATIONAL USA INC.,             Chapter 11 Case

13          Debtor and Debtor In Possession. [Voluntary Petition Filed: October 5, 2020]

14                                           **DEBTOR'S NOTICE OF MOTION AND
                                             MOTION TO CONVERT CHAPTER 11
15                                           CASE TO ONE UNDER CHAPTER 7
                                             PURSUANT TO 11 U.S.C. § 1112(b);
16                                           DECLARATIONS OF JOHN A. MOE, II,
                                             AND XUMING ZHANG**

17                                           Hearing:
18                                           Date:    September 16, 2021
                                             Place:   Courtroom 1375
19                                                    255 East Temple Street
                                                      Los Angeles, CA 90012-3300
20
                                              Honorable Julia W. Brand
21

22  TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE, THE

23  OFFICE OF THE UNITED STATES TRUSTEE, AND CREDITORS:

24          **PLEASE TAKE NOTICE** that at 10:00 a.m. on Thursday, September 16, 2021, in

25  Courtroom 1375 of the United States Bankruptcy Court for the Central District of California,

26  Roybal Federal Building, located at 255 E. Temple Street, Los Angeles, California 90012, AVIC

27  International USA, Inc. ("AVIC" or the "Debtor"), will request the Court to enter an Order

28  converting the case to one under Chapter 7 of the United States Bankruptcy Code in accordance

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1  with this *Notice of Motion* and *Motion to Convert Chapter 11 Case to One Under Chapter 7*

2  *Pursuant to U.S.C. § 1112(b)* (the "Motion").

3       **PLEASE TAKE FURTHER NOTICE** that the Motion is based on this *Notice of*

4  *Motion*, the accompanying *Memorandum of Points and Authorities*, the attached *Declarations of*

5  *John A. Moe, II*, and *Xuming Zhang*, supporting statements, arguments and representations of

6  counsel who will appear at the hearing on the Motion, the record in this case, and any other

7  evidence properly brought before the Court, and all other matters of which the Court may

8  properly take judicial notice.

9       **PLEASE TAKE FURTHER NOTICE** that any party opposing or responding to the

10  Motion must file a response (the "Response") with the Bankruptcy Court and serve a copy upon

11  the moving party and the United States Trustee no later than fourteen (14) days before the

12  hearing.  A Response must be complete written statement of all reasons in opposition to the

13  Motion, supporting declarations and copies of all evidence on which the responding party intends

14  to rely, and any responding memorandum of points and authorities.

15       **PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9013-1(h)[1], the failure to

16  file and serve a timely objection to the Motion may be deemed by the Court to be consent to the

17  relief requested by this Motion.

18

19  Dated:  August 24, 2021

                      DENTONS US LLP
                      JOHN A. MOE, II

20

21                        By: ____*/s/ John A. Moe, II*_____
                            JOHN A. MOE, II

22                        Attorneys for Debtor and Debtor In
                      Possession, AVIC International USA, Inc.

23

24

25

26

27

28

---

[1] The term LBR refers to the Local Rules of the United States Bankruptcy Court for the Central District of California.  The reference to "section" or "sections," or to "§" or "§§," refers to sections of the United States Bankruptcy Code.

116507740\V-2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**MEMORANDUM OF POINTS AND AUTHORITIES**

In accordance with this *Motion to Convert Chapter 11 Case to One Under Chapter 7 Pursuant to 11 U.S.C. § 1112(b)* (the "Motion"), the Debtor respectfully represents as follows:

**I.**

**SUMMARY OF ARGUMENT**

A bankruptcy court shall convert a Chapter 11 case to Chapter 7 case upon a showing of cause. Cause includes diminution of the estate and the absence of a reasonable likelihood of reorganization.

The Debtor has made the decision to file this Motion for two reasons.

First, at the inception of the case, the Debtor made it clear to the Office of the United States Trustee that a key component of any successful reorganization was the critical importance of reaching an agreement on the amount of a mutually acceptable payment to the Debtor's largest creditors: Soaring Wind Energy, LLC, and Tang Energy Group, Ltd. (the "Judgment Creditors"), who, together, hold a *final* Judgment valued at more than $80 million dollars against the Debtor. The Debtor's counsel made the same statement to counsel for the Judgment Creditors, Robbin L. Itkin of Sklar Kirsch, after she entered the case, discussing with her the fact that if the Debtor and Judgment Creditors could not reach an agreement on a mutually acceptable payment to the Judgment Creditors, the Debtor would promptly move to convert the case to one under Chapter 7. In addition, the Debtor's *Chapter 11 Status Conference Report* [Docket No. 26, page 2] confirms that the Debtor's "Exit Strategy" was to reach an agreement with the Judgment Creditors. Despite good faith and substantial efforts by both the Debtor and the Judgment Creditors to reach a settlement -- including months of often intense negotiations between January 15th and August 17h -- the parties have been unable to reach a final agreement. Without an agreement, the likelihood of a successful reorganization is nonexistent.

Second, the Debtor has a substantial ownership interest in CALAC LLC ("CALAC"), which operates a shopping center in Temple City, known as the Temple City Plaza at 5603-5665 Rosemead Blvd., Temple City, California. The shopping center is the Debtor's current source of revenue. In 2016, CALAC obtained a $33 million loan from the Industrial and Commercial Bank

116507740\V-2

1    of China (USA) N.A. ("ICBC"), the primary purpose of which was to pay off an existing loan to

2    U. S. Bank in the amount of approximately $21,599,086.68.  AVIC is a guarantor on the ICBC

3    loan on which the balance due is approximately $30,283,612.97. ICBC has notified CALAC, that,

4    because CALAC and AVIC failed to inform ICBC of the substantial Judgment entered in the

5    favor of the Judgment Creditors against AVIC, a default has occurred.  A copy of the letter

6    notifying CALAC of ICBC's decision is attached as Exhibit "A."

7        ICBC has not taken action on the default during the time that the Debtors and the

8    Judgment Creditors were working to reach a settlement.  The Debtor and the Judgment Creditors

9    have not reached an agreement to resolve the Judgment.  It was the nondisclosures about that

10   Judgment that caused ICBC to declare a default.  If ICBC takes action against CALAC in regard

11   to ICBC's declaration of a default, then AVIC's only current source of revenue, which is from

12   CALAC's Temple City Plaza, will be impacted.

13       Remaining in Chapter 11 will only diminish the estate with the incursion of continuing

14   administrative fees and costs, with no prospect for a successful reorganization because of the

15   inability to reach an agreement with the Judgment Creditors, and the default with ICBC.  Cause

16   thus exists to convert this case to Chapter 7 so that a Trustee can efficiently administer assets,

17   minimize administrative costs, negotiate with ICBC, investigate transactions, pay allowed claims,

18   and close this bankruptcy case.

19                                    **II.**

20                          **FACTUAL BACKGROUND**

21   A.    **The Judgment**

22       On October 5, 2020, the Debtor filed a voluntary petition under Chapter 11 of Title 11 the

23   United States Code. [Docket No. 1].  The background of the case and a review of the litigation

24   between the Debtor and the Judgment Creditors is set forth in the *Declaration of Xuming Zhang*

25   and *Declaration of John Zhang* both filed on October 23, 2020 [Docket Nos. 14 and 15,

26   respectively].

27       In its Schedules E & F, the Debtor disclosed the substantial Judgment in favor of the

28   Judgment Creditors.  [Docket No. 1, Schedule E/F, page 29].

DENTONS US LLP
601 SOUTH FIGUEROA STREET , SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

116507740\V-2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

As explained in the Debtor's *Chapter 11 Status Conference Report* [Docket No. 26, page 2], the Debtor's goal was to reach an agreement on a mutually acceptable payment to the Judgment Creditors on their Judgment.  As set forth above, this strategy was disclosed to the Office of the U.S. Trustee and to counsel for the Judgment Creditors.  [*See* attached Declaration of John A. Moe, II ("Moe Decl.," ¶ 4].

The parties have engaged each other in good faith, in full, frank and substantial negotiations between January 15th and August 17th, but have been unable to reach an agreement [Moe Decl., ¶ 5].  It appears that the negotiations may be over  (Moe Decl., ¶ 5].

Without an agreement, the likelihood of a successful reorganization is nonexistent [Moe Decl., ¶ 5].

**B.    The ICBC Loan**

The Debtor has an 89.1% interest in CALAC, which owns and operates the Temple City Plaza.  [*See* attached Declaration of Xuming Zhang ("Zhang Decl."), ¶ 2.]  The Temple City Plaza is the Debtor's *current* source of revenue [Zhang Decl. , ¶ 2).

In 2016, CALAC obtained a $33 million "replacement" loan from ICBC.  The primary purpose of the loan was to pay off an existing approximate $21,599,086.68 obligation due US Bank [Zhang Decl. , ¶ 13].

ICBC has notified CALAC that the failure of CALAC and AVIC to inform ICBC about the substantial Judgment entered in favor of the Judgment Creditors against AVIC violated the terms and conditions of ICBC's loan to CALAC, which loan AVIC guaranteed [Zhang Decl. , ¶¶ 4&5].

More specifically, in a letter dated December 11, 2020, addressed to CALAC, a copy of which is attached as Exhibit "A," ICBC declares a default on the $ 33 million loan to CALAC, guaranteed by AVIC.  The letter states:

> Following Lender's receipt of notice of the Bankruptcy filing by AVIC USA, we reviewed the filings in the Bankruptcy Case, the Arbitration case and the filings in the federal district court in Texas.  Based upon our review of the documents filed in these proceedings, it is clear that the Borrower, CALAC and AVIC USA's failure to disclose the **Arbitration** and the **Arbitration Award** to Lender were **material facts** that Lender as part of Borrower's Loan application request.  The omission to provide such material information was at least misleading and possibly fraudulent

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

as absent this material information the Lender did not have a clear picture of the financial condition of the Borrower and the Borrower Loan guarantor. The Lender would have certainly considered these facts in evaluating the risks in making the Loan to the Borrower as well as accepting AVIC USA as the guarantor of the Loan. The failure to make these material disclosures to Lender clearly gives Lender actionable claims to rescind the Loan and demand immediate repayment of the Loan.

The letter goes on to quote Section 7.10 of the Loan Agreement, and consequences as follows:

In addition to Lender's right to pursue rescission of the Loan, Borrower's failure to provide information related to the Arbitration Award, Judgment and the AVIC USA bankruptcy filing are each defined as an event of default in the Loan Agreement. Accordingly, Lender is entitled to immediately exercise its remedies under the Loan Agreement, including but not limited to declaring the entire outstanding balance of the Loan immediately due and payable. Although not a comprehensive itemization of each Loan default, the following are specific provisions in the Loan Agreement in which Borrower or AVIC USA are currently in default:

Section 7.10

**"There are not at present, any action or proceeding pending by or against** Borrower or **any guarantor** of Borrower before any court or administrative agency, and Borrower has no knowledge of any pending, threatened or imminent litigation, governmental investigations or claims, complaints, actions or prosecutions involving Borrower or any guarantor of Borrower, except for ongoing collection matters initiated to collect debts owed to the Borrower and except as heretofore disclosed, in writing, to Bank and except for such matters that, if adversely determined, would not have a material impact on Borrower's ability to repay the Loan."

[Borrower and Guarantor are each in breach of the above representations to Lender. The parties failed to disclose the Arbitration proceeding and Arbitration Award entered against AVIC (USA) in the Loan application and prior to Loan funding. Borrower and AVIC USA subsequently failed to disclose the Judgment entered against AVIC USA along with the turn-over order of AVIC USA assets to the Judgment Creditors]

As already noted, ICBC did not take action on the default during the time that the Debtors and the Judgment Creditors were working to reach an agreement to resolve the Judgment. The Debtors and the Judgment Creditors have not reached an agreement to resolve the Judgment. It was the nondisclosure of the Judgment that caused ICBC to declare a default. If ICBC takes action against CALAC in regard to ICBC's declaration of default, then AVIC's only current

6

116507740\V-2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

source of revenue, which is from CALAC's Temple City Plaza, will be impacted [Zhang Decl., ¶ 6].

### C.    Review of AVIC's Business Transactions

Finally, as set forth in the Judgment Creditors' *Limited Objection and Reservation of Rights to the Motion for an Order Authorizing the Debtor to Retain and Compensate Professionals Utilized by the Debtor in the Ordinary Course of Business, including specifically Chan and Chan LLP* [Docket No. 27], ("Limited Objection"), the Judgment Creditors have raised questions concerning the Debtor's business transactions, prior to filing for protection under Chapter 11.  A Chapter 7 Trustee would be able to independently review those transactions and confirm their legitimacy.

### D.    No Prospect for a Successful Reorganization

The foregoing information establishes that the Debtor does not have a reasonable likelihood of successfully reorganizing. If the case is not converted to Chapter 7, administrative expenses[2] will needlessly increase.  Based on the foregoing, the costs of Chapter 11 will result in a needless and completely avoidable diminution of the Estate in a case where a reorganization now appears nonexistent.

### III.

### LEGAL ARGUMENT

### A.    Cause Exists to Convert the Case to Chapter 7 Under 11 U.S.C. § 1112(b)(4)(A) Because of Continuing Chapter 11 Proceedings Will Cause a Diminution of the Estate and Debtor has no Reasonable Likelihood of Rehabilitation.

Section 1112(b)2 prescribes the general procedure for the conversion or dismissal of a Chapter 11 case upon the motion of any party in interest.  Relief under Section 1112(b) is predicated on a showing of "cause."  If a movant establishes "cause," after notice and a hearing, the Court shall dismiss or convert a case from Chapter 11 to Chapter 7 depending upon what is in the best interests of creditors. 11 U.S.C. § 1112(b)(2).

---

[2] The Debtor has filed a Monthly Operating Report for each month the Debtor has been in bankruptcy, and the Debtor has paid all quarterly fees to the U.S. Trustee.

116507740\V-2

Section 1112(b)(4) enumerates 16 non-exclusive examples of "cause" including, among other things:

(A)    (substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.

The statutory factors set forth in § 1112(b)(4) are non-exclusive, and Courts have broad discretion in determining what constitutes "cause" under the statute. *In re Sullivan,* 522 B.R. 604, 614 (9th Cir. BAP 2014). Any one of the 16 grounds may be sufficient to justify the conversion or dismissal of a case. *See, 11 U.S.C. §1112(b)(4); In re SGL Carbon Corp.,* 200 F.3d 154 (3d Cir. 1999); *In re Koerner,* 800 F.2d 1358 (5th Cir. 1986). But the decision to convert or dismiss remains within the discretion of the court.   *See, In re Lumber Exchange Building Ltd. Partnership,* 968 F.2d 647 (8th Cir. 1992); *In re Albany Partners,* 749 F.2d 670 (11th Cir. 1984).

Establishing cause under § 1112(b)(4)(A) requires the satisfaction of two elements.  First, there must be "a substantial or continuing loss to or diminution of the estate." Second, the Court must find that there is an "absence of a reasonable likelihood of rehabilitation." *In re Continental Holdings, Inc.,* 170 B.R 919 (Bankr. N.D. Ohio 1994); *In re Great Am. Pyramid Joint Venture*, 144 B.R. 780 (Bankr. W.D. Tenn. 1992).  If both conditions exist, cause exists and the court shall dismiss or convert the case. *In re Johnston*, 149 B.R. 158 (9th Cir. B.A.P. 1992).

There has been a diminution of the estate since the Voluntary Petition was filed as confirmed in the Monthly Operating Reports [Docket Nos. 24, 34, 38, 44, 50, 51 and 60].

Significantly, the second part of the test under section 1112(b)(4)(A) requires a reasonable likelihood of "rehabilitation," not "reorganization."  Thus, the standard is not whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort. *See*, Johnston, *supra*, 149 B.R. at 162 (debtor lacks sufficient income to fund a plan).  *See also*, *Quarles v. United States Trustee*, 194 B.R. 94 (W.D. Va. 1996) (no likelihood of rehabilitation where debtor was losing money and only hope of reorganization depended entirely on speculative outcomes in pending litigation).  In almost every case, the debtor's prospects will depend on whether the debtor has formulated, or can formulate within a reasonable amount of time, a reasonably detailed plan.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

116507740\V-2

1      Here, there is an absence of a reasonable likelihood of rehabilitation because of the

2  Judgment Creditors' position in this case, let alone the issues with ICBC.  Remaining in

3  Chapter 11 will only generate unnecessary administrative claims and delay what appears to be

4  inevitable.

5      **B.**    **Conversion, Rather Than Dismissal, Is in the Best Interests of the Creditors**

6          **and the Estate**

7      Section 1112(b)(l) provides, in relevant part, that "...the court shall convert a case under

8  this chapter to a case under Chapter 7 or dismiss a case under this chapter, whichever is in the

9  best interests of creditors and the estate, for cause ...." 11 U.S.C. § 1112(b)(1).  If cause is

10  established, the decision whether to convert or dismiss the case falls within the sound discretion

11  of the court. *In re Sullivan*, 522 B.R. 604, 612 (6th Cir. B.A.P. 2014) (citing *Milan v. Duval (In*

12  *re Milan)*, 573 F.3d 237, 247 (6d1Cir.2009)).  Thus, "[t]he standard for choosing conversion or

13  dismissal based on 'the best interest of creditors and the estate' implies a balancing test to be

14  applied through case-by-case analysis." *In re Staff Inv. Co.*, 146 B.R. at 260.

15      The Ninth Circuit has held that, "when deciding between dismissal and conversion under

16  § 1112(b), the court must consider the interests of all of the creditors." *See*, *In re Owens*, 552

17  F.3d 958, 961 (9th Cir. 2009) (internal quotation omitted). "The element of the best interest of the

18  estate focuses upon whether the economic value of the estate is greater inside or outside of

19  bankruptcy...As [a Chapter 7] trustee's powers to recover property are generally greater than

20  would be available outside of bankruptcy, this factor tends to favor conversion where there is not

21  continuing revenue-generating activity." *In re Staff Inv. Co.*, 146 B.R. at 261.

22      In this case, conversion would be in the best interests of creditors and the Estate.  This

23  case was only filed by Debtor after it engaged in lengthy unsuccessful litigation prior to

24  bankruptcy.  The claims -- including the substantial claims asserted by the Judgment Creditors --

25  should be administered by a Trustee.  A Trustee can try to reach an agreement with ICBC on

26  deferring action on the default.  And, a Trustee can review the legitimacy of the business

27  transactions that the Judgment Creditors identify in their Limited Objection.

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

116507740\V-2

1    The best interests of creditors and the Estate are served by converting the case to

2  Chapter 7 so that the Trustee can administer assets, investigate transactions, pay claims and close

3  the case.

IV.

**CONCLUSION**

6    For all the foregoing reasons, the Debtor believes that sufficient cause exists to convert

7  this case to a Chapter 7 case.

8  Dated:  August 24, 2021                    DENTONS US LLP
                                            JOHN A. MOE, II
9

10                                          By: _____/s/*John A. Moe, II*_____
                                                JOHN A. MOE, II
11                                          Attorneys for Debtor and Debtor In
                                            Possession, AVIC International USA, Inc.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

10

116507740\V-2

### DECLARATION OF JOHN A. MOE, II

I, John A. Moe, II, declare that if called as a witness, I would and could competently testify thereto, of my own personal knowledge as follows:

1.  I am an attorney at Dentons US LLP, attorneys for AVIC International USA, Inc. ("AVIC").

2.  On October 5, 2020, Dentons filed a Chapter 11 proceeding for AVIC.

3.  As set forth in Schedules E/F, the Debtor identified in excess of a $70,000,000 judgment (now, final judgment), in favor of Soaring Wind Energy, LLC, and Tang Energy Group, Ltd. (the "Judgment Creditors"). The current amount due on the judgment appears to exceed $80,000,000.

4.  At the inception of the case, I discussed the case with Dare Law in the Office of the United States Trustee. I informed Ms. Law that a key component of any successful reorganization was the critical importance of reaching an agreement on a mutually acceptable payment to the Judgment Creditors. I told Ms. Law that if we were unable to reach an agreement, I would file a motion to convert the case. I had a similar conversation with counsel for the Judgment Creditors, Robbin L. Itkin of Sklar Kirsch, after she entered the case, discussing with her the fact that if the Debtor and Judgment Creditors could not reach an agreement on an amount payable on the judgment, the Debtor appeared to have no alternative but to convert the case to one under Chapter 7.

5.  Despite what I perceive to be good faith efforts by both the Debtor and the Judgment Creditors, including substantial discussions and negotiations between attorneys and parties between January 15th and August 17th, the Debtor and the Judgment Creditors have been unable to reach an agreement. It appears that negotiations may be over. Without an agreement, the likelihood of a successful reorganization appears nonexistent.

I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

116507740\V-2

Executed this 24th day of August, 2021, in Los Angeles, California.

_/s/John A. Moe, II_
JOHN A. MOE, II

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

116507740\V-2

**DECLARATION OF XUMING ZHANG**

I, Xuming Zhang, declare that if called as a witness, I would and could competently testify thereto as follows:

1.      Near the beginning of the pending Chapter 11 Case, I executed a Declaration explaining the background information on AVIC International USA, Inc. ("AVIC"). I understand that the document can be found in the Court's records at Docket No. 14.

2.      AVIC has a substantial 89.1% ownership interest in CALAC, LLC ("CALAC"), which operates a shopping center known as the Temple City Plaza at 5603-5605 Rosemead Boulevard, Temple City, California. The shopping center is currently the only source of ongoing revenue for the Debtor.

3.      In 2016, CALAC obtained a $33 million loan from the Industrial and Commercial Bank of China (USA) N.A. ("ICBC"), a primary purpose of which was to pay off an approximate $21,599,086.68 amount due US Bank. AVIC is a guarantor on the ICBC loan, on which the balance due is approximately $30,283,612.97.

4.      As explained in the *Declaration of Jinshu Zhang*, also filed near the beginning of this case [Docket No. 13], Soaring Wind Energy, LLC, and Tang Energy Group, Ltd. (the "Judgment Creditors') have a final Judgment against AVIC that now appears to exceed $80 million.

5.      ICBC has notified the Debtor, that because of -- among other factors -- CALAC's and AVIC's failure to inform ICBC of the substantial judgment entered in favor of the Judgment Creditors against AVIC, a default has occurred on the loan. A copy of the letter notifying CALAC of ICBC's decision is attached as Exhibit "A" to this Declaration.

6.      ICBC has not taken action in regard to ICBC's declaration of a default during the time that AVIC and the Judgment Creditors were working to reach an agreement to resolve the Judgment. The Debtors and the Judgment Creditors have not reached an agreement to resolve the Judgment. It was the nondisclosure of the Judgment that caused ICBC to declare a default. If ICBC takes action against CALAC in regard to ICBC's declaration of default, then AVIC's only current source of revenue, which is from CALAC's Temple City Plaza, will be impacted.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

116507740\V-2

1       I declare under penalty of perjury under the laws of the United States of America the

2   foregoing is true and correct.

3       Executed this **24** day of August, 2021, in Los Angeles, California.

5                         XUMING ZHANG

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

14

116507740\V-2

# EXHIBIT A

91104411\V-1

# JUNG & YUEN, LLP

*ATTORNEYS AT LAW*

2667 E. Colorado Blvd., 2nd Floor
Pasadena, California 91107
Telephone: (213) 689-8880 * Direct Dial: (213) 712-1291
E-Mail: ry@jyllp.com

December 11, 2020

**Via Federal Express**

CALAC Investment, a California limited partnership
c/o CALAC Management and Consulting, Inc.
Attn.: Ms. Susan Lew, President
3709 Convoy Street, Suite 300
San Diego, CA 92111

        **Re.:**    **NOTICE OF LOAN DEFAULT**
                **Industrial and Commercial Bank of China (USA) NA**
                **Thirty Three Million Dollar ($33,000,000) Loan to CALAC**
                **Investment, a California limited partnership**

Dear Ms. Lew,

    Our firm is counsel to Industrial and Commercial Bank of China (USA) NA **("Lender").** We are hereby advising CALAC Investment, a California limited partnership ("**Borrower**"), that Borrower is default of that certain loan ("Loan") in the original principal amount of Thirty Three Million Dollar ($33,000,000) made by Lender to Borrower as evidenced by a Promissory Note ("Note") dated December 23, 2016. The Loan is secured by a deed of trust ("Deed of Trust") and evidenced by, but not limited to a Loan and Security Agreement ("Agreement") executed by the Borrower and a Loan Guaranty ("Guaranty") executed by CATIC (USA) Inc., a California corporation ("CATIC"), aka AVIC International (USA) Corp. ("AVIC"). CATIC and AVIC are jointly referred to herein as "AVIC (USA)".

## CONDITIONS GIVING RISE TO LOAN DEFAULT

    Borrower executed Loan documents dated December 23, 2016 and thereafter Lender funded the Loan to Borrower in January 2017. At the time the Loan was originated, AVIC (USA) was a limited partner in the Borrower limited partnership entity and owned an 89.1% partnership interest in the Borrower entity. As described below, AVIC (USA) recently testified at its bankruptcy creditors hearing that it is also a shareholder in CALAC Management and Consulting, Inc., a California corporation ("CALAC"). CALAC is the general partner of the Borrower entity.

CALAC Investment
Page 2
December 11, 2020

    a.    <u>Failure to Disclose Material Financial Condition of Borrower Entity</u>

In August 2015, more than 16 months prior to Borrower procuring the Loan from the Lender, AVIC USA as respondent, participated in a binding arbitration hearing before the International Centre for Dispute Resolution (International Arbitration Tribunal) in the case entitled **<u>Tang Energy Group, Ltd., Soaring Wind Energy, et. al (the "Claimants") vs. CATIC USA, Inc, A/K/A AVIC International USA, Inc. et. al</u>**, Case No. 01-14-0001-4150 (the "Arbitration"). The Arbitration Panel entered an Arbitration award in an amount in excess of Seventy Million Dollars ($70,000,000) ("Award") in favor of the Claimants and against AVIC (USA) on December 21, 2015. The Award was entered more than one year **prior** to the funding of the Lender's Loan. At no time during the Loan application process or anytime thereafter did Borrower, CALAC or AVIC (USA) disclose the binding Arbitration Award to the Lender.

Following the Arbitration Award, the Claimants filed an action in the United States District Court for the Northern District of Texas which resulted in the Court confirming the Award and entering a "Judgment" in the amount of the Award in favor of the Claimants. The Claimants ("Judgment Creditors") thereafter sought to enforce their Judgment against AVIC (USA), including seeking turn-over orders against the assets of AVIC (USA).

The Arbitration and Arbitration Award were material matters that Borrower, CALAC and AVIC (USA) failed to disclose to Lender when Borrower applied to Lender for the Loan. These omissions are actionable by the Lender, either through claims to rescind the Loan or claims arising from Borrower's default of the Loan Agreement.

    b.    <u>Bankruptcy Filing by AVIC USA</u>

On October 5, 2020, AVIC USA filed a Chapter 11 Petition ("Bankruptcy") in the United States Bankruptcy Court - Central District of California in the case entitled In **re. AVIC International, USA Inc.,** Case No. 2-2--bk-19043-WB (the "Bankruptcy Case"). The Bankruptcy filing is an event of default as defined in the Loan Agreement.

**<u>Lender's Right to Rescind Loan and Defaults under the Loan Documents</u>**

Following Lender's receipt of notice of the Bankruptcy filing by AVIC USA, we reviewed the filings in the Bankruptcy Case, the Arbitration case and the filings in federal district court in Texas. Based upon our review of the documents filed in these proceedings, it is clear that the Borrower, CALAC and AVIC USA's failure to disclose the **Arbitration** and the **Arbitration Award** to Lender were **material facts** that Lender as part of Borrower's Loan application request. The omission to provide such material information was at least misleading and possibly fraudulent as absent this material information, the Lender did not have a clear

CALAC Investment
Page 3
December 11, 2020

picture of the financial condition of the Borrower and Loan guarantor. The Lender would have certainly considered these facts in evaluating the risks in making the Loan to the Borrower as well as accepting AVIC USA as the guarantor of the Loan. The failure to make these material disclosures to Lender clearly gives Lender actionable claims to rescind the Loan and demand the immediate repayment of the Loan.

Borrower, CALAC and AVIC USA were aware of the Arbitration Award prior to the Loan application to the Lender. Mr. Xuming Zhang is listed as a director of CALAC Management and Consulting, Inc., and listed as the sole director and chief executive officer of AVIC USA. Furthermore, as Mr. Zhang testified in the AVIC USA 341 (a) creditors hearing on December 4, 2020, AVIC USA is also a shareholder of CALAC Management and Consulting, Inc. It is reasonable to assume that Mr. Zhang was aware of the Arbitration Award and in his capacity as director of the both CALAC and AVIC (USA), Mr. Zhang was obligated to disclose the Arbitration Award and subsequent Judgment to the Lender.

In addition to Lender's right to pursue rescission of the Loan, Borrower's failure to provide information related to the Arbitration Award, Judgment and the AVIC USA bankruptcy filing are each defined as an event of default in the Loan Agreement. Accordingly, Lender is entitled to immediately exercise its remedies under the Loan Agreement, including but not limited to declaring the entire outstanding balance of the Loan immediately due and payable. Although not a comprehensive itemization of each Loan default, the following are specific provisions in the Loan Agreement in which Borrower or AVIC USA are currently in default:

<u>Section 7.10</u>

"**There are not at present, any action or proceeding pending by or against** Borrower or **any guarantor** of Borrower before any court or administrative agency, and Borrower has no knowledge of any pending, threatened or imminent litigation, governmental investigations or claims, complaints, actions or prosecutions involving Borrower or any guarantor of Borrower, except for ongoing collection matters initiated to collect debts owed to the Borrower and except as heretofore disclosed, in writing, to Bank and except for such matters that, if adversely determined, would not have a material impact on Borrower's ability to repay the Loan."

[Borrower and Guarantor are each in breach of the above representations to Lender. The parties failed to disclose the Arbitration proceeding and Arbitration Award entered against AVIC (USA) in the Loan application and prior to Loan funding. Borrower and AVIC USA subsequently failed to disclose the Judgment entered against AVIC USA along with the turn-over order of AVIC USA assets to the Judgment Creditors]

CALAC Investment
Page 4
December 11, 2020

Section 7.15

**"Borrower shall promptly supply and cause any Guarantor to supply Bank** with such other information, including tax returns, concerning Borrower's and any Guarantor's affairs as Bank may reasonably request from time to time hereafter, and shall **promptly notify Bank of any material adverse change in Borrower's or Guarantor's financial condition** and of any condition or event which constitutes an Event of Default under this Agreement."

[Borrower and Guarantor are each in breach of the above representations to Lender. The parties failed to disclose the Arbitration proceeding and Arbitration Award entered against AVIC (USA) in the Loan application and prior to Loan funding. Borrower and AVIC USA subsequently failed to disclose the Judgment entered against AVIC USA along with the turn-over order of AVIC USA assets to the Judgment Creditors]

Section 8.9

**"If an Insolvency Proceeding is commenced by** or against Borrower or **the Guarantor** and with respect to an action commenced against Borrower, is not dismissed within ninety (90) days;

[AVIC USA bankruptcy filing]

Section 8.1.5

If any material or intentional misrepresentation exists now or hereafter in any warranty or representation made to Bank by any officer or director of Borrower, or if any such warranty or representation is withdrawn or denied by any officer or director;

[Borrower and Guarantor are each in breach of the above representations to Lender. The parties failed to disclose the Arbitration proceeding and Arbitration Award entered against AVIC (USA) in the Loan application and prior to Loan funding. Borrower and AVIC USA subsequently failed to disclose the Judgment entered against AVIC USA along with the turn-over order of AVIC USA assets to the Judgment Creditors]

Section 8.1.6

**"If any party** subordinating a claim to those of Bank or **guarantying the Obligations,** or any part thereof dies and is not replaced within ninety (90) days, terminates that subordination or guaranty, or **becomes the subject of an Insolvency Proceeding that is not dismissed within ninety (90) days"**

CALAC Investment
Page 5
December 11, 2020

[AVIC USA bankruptcy filing.  Event of Default if AVIC USA is not replaced with acceptable Loan guarantor]

**Partnership Distributions Made Following Forbearance Agreements**

In addition to the above described Borrower / Guarantor Loan defaults, including omissions of material facts to the Lender in procuring the Loan, Lender herein objects to the ongoing and continuing disbursements from rents and profits made to the Borrower entity partners following Lender's agreement to forbear monthly Loan payments in accordance to Loan forbearance agreements dated April 15, 2020 and July 14, 2020 (collectively the "Forbearance Agreements"). Based upon the request and representations made by the Borrower to the Lender that Borrower was unable to pay monthly Loan payments to Lender along with operating expenses for the property due to Covid-19 reduction in rents collected from tenants, Lender agreed to defer monthly Loan payments for the months commencing on April, 20202 through September 2020.  In filings made by AVIC (USA) in the Bankruptcy case, AVIC estimated that it would receive annual income in the range of $600,000 to $1,000,000 from distributions from the Borrower entity.  Presumably, these distributions are from rents and profits derived from rents from the Temple City property in which Lender holds a security interest in the assignment of rents to secure repayment of the Loan.  Lender hereby demands that the partnership immediately cease disbursements to the partners until such time all deferred Loan payments under the Forbearance Agreements are repaid in full and the remaining Loan defaults are addressed to the satisfaction of the Lender.

Nothing in this letter shall be deemed a waiver of any rights or remedies Lender may assert against Borrower under the Loan documents, in law or equity.

Please immediately contact Lender's representative, Ms. June Tsai (626) 457-2216 or the undersigned to discuss the above matters.

Very truly yours,

Jung & Yuen, LLP

Roger Yuen

cc:    Client

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is Suite 2500, 601 South Figueroa Street, Los Angeles, California 90017-5709.

A true and correct copy of the foregoing document, entitled (*specify*): ***Debtor's Notice Of Motion And Motion To Convert Chapter 11 Case To One Under Chapter 7 Pursuant To 11 U.S.C. § 1112(B); Declarations Of John A. Moe, II, And Xuming Zhang***, will be or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below.

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) <u>August 24, 2021</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Clifford P. Jung #181117
Jung & Yuen LLP
2667 East Colorado Boulevard, 2nd Floor
Pasadena, CA 91107

Counsel for Industrial & Commercial Bank of China (ICBC)
T: 213 689 8880 / F: 213 689 8887
E: clifford@jyllp.com

Robbin L. Itkin #117105
Sklar Kirsh, LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067

Counsel for Soaring Wind Energy LLC & Tang Energy
  Group, Ltd.
T: 310 845 6416 / F: 310 929 4469
E: ritkin@sklarkirsh.com

Dare Law #155714
Office of the United States Trustee
915 Wilshire Boulevard, Suite 1850
Los Angeles, CA 90017

Counsel for United States Trustee (LA)
T: 213 894 4925 / F: 213 894 2603
E: dare.law@usdoj.gov; ustpregion16.la.ecf@usdoj.gov

**2. <u>SERVED BY UNITED STATES MAIL</u>:** On (*date*) <u>August 24, 2021</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Internal Revenue Service
300 North Los Angeles Street
Los Angeles, CA 90012-3308

T: 800 827 1040

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

T: 800 973 0424

Franchise Tax Board
300 South Spring Street, Suite 5704
Los Angeles, CA 90013-1265

T: 800 852 5711

Professor Merritt B. Fox
845 Jerome L. Green Hall
Columbia School of Law
435 West 116th Street
New York, NY 10027-7297

T: 212 854 9766
E: mfox1@law.columbia.edu

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Case No. 2:20-bk-19043-WB

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

118292167\V-1

Connolly Gallagher LLP                                T: 302 757 7300
1201 North Market Street, 20th Floor
Wilmington, DE 19801-1165

Oscar Estrada                                         T: 213 974 7803
L.A. County Treasurer & Tax Collector                E: bankruptcy@ttc.lacounty.gov
P.O. Box 54110
Los Angeles, CA 90054-0110

Benedict Chen                                         T: 626 572 8930 / F: 626 286 3470
Chan & Chen LLP                                       E: benc@kcwus.com
1103 South San Gabriel Boulevard, Suite F
San Gabriel, CA 91776-3153

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) August 24, 2021, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than the next business day after the
document is filed.

Honorable Julia W. Brand                              ☐ To the Judge's Dropbox w/ NEF behind
U.S. Bankruptcy Court, Central District of California  ☐ By Next Business Day [Trkg#_____]
Edward R. Roybal Federal Building and Courthouse      ☐ By Facsimile to _____
255 East Temple Street, Suite 1382 / Courtroom 1375   ☐ Proposed Order via Lodged Order Upload page of the
Los Angeles, CA 90012-3300                                Court's ECF.

   *Judge Brand has suspended compliance with
   LBR 5005-2(d) (Judge's copies) until further notice.*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


August 24, 2021        Glenda Spratt              /s/*Glenda Spratt*
_____  _____      _____
   *Date*                 *Printed Name*             *Signature*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Case No. 2:20-bk-19043-WB

June 2012                                    2                **F 9013-3.1.PROOF.SERVICE**

118292167\V-1